IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALAN T. BROOKS,                        )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )  C.A. No. 22-147-GBW
                                       )
DAVID HENDERSON, et al.,               )
                                       )
            Defendants.                )

## MEMORANDUM OPINION

Alan T. Brooks, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

Luciana Marie Parker, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

October 28, 2022
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

Plaintiff Alan T. Brooks ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, commenced this action on February 1, 2022, pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act.[1] (D.I. 1). Plaintiff appears *pro se* and has paid the filing fee. Before the Court had an opportunity to screen the Complaint pursuant to 28 U.S.C. § 1915A(a),[2] Plaintiff served Defendants[3] and then filed a motion for default judgment. (D.I. 5). In turn, Defendants filed a motion to dismiss and a motion to stay. (D.I. 10, 12). The Court will address the motions and will also screen the case as required under the Prison Litigation Reform Act.

## I. BACKGROUND

On May 5, 1987, a jury convicted Plaintiff of felony-murder, first-degree robbery, attempted first-degree robbery, second-degree kidnapping, second-degree conspiracy, and possession of a deadly weapon during the commission of a felony. *See State v. Brooks*, 2007 WL 3105883 (Del. Super. Ct. Oct. 23, 2007). He received a life sentence without the possibility of parole for the murder conviction

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments. *Stringer v. Bureau of Prisons, Federal Agency*, 145 F. App'x 751, 752 (3d Cir. 2005).

[3] The individual defendants are sued in the individual and official capacities.

and 52 years imprisonment for the remaining offenses. *Id.* The Delaware Supreme Court affirmed the convictions on appeal and subsequent motions for post-conviction relief were denied. *Id.* Plaintiff was diagnosed with bipolar and adjustment disorder with anxiety around March 1987. (D.I. 1 at ¶ 2). Parole was granted on September 21, 2019 to level 4 home confinement, and for Plaintiff to maintain employment and receive mental health therapy. (*Id.* at ¶ 4). Plaintiff received mental health treatment from November 2018 until October 2020. (D.I. 4-1 at 1). He alleges that he has a mental health disability under the Americans with Disabilities Act, 42 U.S.C. § 12132. (D.I. 1 at ¶ 9). Sometime between February 2019 and October 2020, Plaintiff stopped taking his psychiatric medication. (D.I. 4-1 at 1). He was arrested on October 10, 2020 for assault and possession of cocaine and taken into custody. (D.I. 1 at ¶ 5).

An administrative parole warrant issued based on the two charges. (D.I. 4-1 at 10). On November 2, 2020, while housed at Howard R. Young Correctional Institution, Plaintiff was served with a Notice of Probable Cause Hearing for an Interstate Violation of Probation/Parole. (D.I. 4-1 at 3). The notice referenced the violation of two conditions, #s 1 and 7, but the attachment describing the violations was not included with the document. (*Id.*).

During a preliminary hearing held around the same time, Plaintiff was told by the Supervisor of Parole that, if the charges were dropped, Plaintiff would be

released to Level II status since Plaintiff had complied with all conditions. (*Id.* at 10-11). The assault charges were dismissed on March 16, 2021. (*Id.* at 11). On March 18, 2021, Plaintiff was taken to a video revocation hearing that was held before Defendants David Henderson and Jeffery Kays. (D.I. 1 at ¶ 10, D.I. 4-1 at 12). Plaintiff alleges violations of his right to due process because he was not given advance written notice of the hearing; evidence was not disclosed; he did not have counsel of his choice; and he did not have an opportunity to be heard in person, present evidence, witnesses, or cross-examine witnesses. (D.I. 4-1 at 12). Plaintiff alleges that Henderson and Kays and Defendant Delaware Parole Board Members arbitrarily denied him access to the Mental Health Court when they intentionally violated him. (D.I. 1 at 5-6). A May 20, 2021 letter notified Plaintiff that he was found guilty of violating the following conditions of his parole:

1. You must not commit a new criminal offense or moving motor vehicle during the supervision period. This includes Escape after Conviction, Escape 3rd and motor vehicle offenses.

2. You are not to possess or consume a controlled substance or other dangerous drugs unless prescribed lawfully. You are subject to random testing as directed by your supervising office.

(D.I. 4-1 at 2). On May 25, 2021, Plaintiff submitted a written complaint to Defendants and received no response to his request for reconsideration. (D.I. 1 at ¶¶ 14, 15). On December 22, 2021, Plaintiff submitted an ADA grievance and has not received a response. (*Id.* at ¶ 15). Plaintiff alleges that he was never an

3

interstate parolee or out of the State of Delaware without proper permission. (*Id.* at ¶ 17). He alleges that was sent back to Level 5 incarceration on new criminal charges never charged with, or found guilty of (escape after conviction 3d, and motor vehicle offenses), and that Defendants excluded him from the Mental Health Court on the possession charge in violation of the ADA, 42 U.S.C. § 12102(2). (D.I. 1, ¶ 18). Plaintiff seeks compensatory and punitive damages, as well as injunctive and declaratory relief. (*Id.* at ¶ VII Relief).

Defendants were served on February 22, 2022. (D.I. 14, 15, 16). On March 25, 2022, Plaintiff filed a motion for default judgment (D.I. 5), on April 13, 2022, Defendants filed a motion to dismiss, and on April 14, 2022 Defendants a motion to stay (D.I. 12). The matters have been fully briefed.

## II. MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment against Defendants. (D.I. 5). The motion is premature. Before Plaintiff may bring a motion for default judgment, he must first move for entry of default by the Clerk as provided by Rule 55(a) of the Federal Rules of Civil Procedure. *See Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) ("[E]ntry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)"). Plaintiff's motion for default judgment is not properly before the Court, and it will be denied.

4

## III. SCREENING/MOTION TO DISMISS

### A. Legal Standards

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the non-moving party. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Dismissal under Rule 12(b)(6) is only appropriate if the pleading does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This plausibility standard obligates a

party to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B.  Discussion**

Defendants move for dismissal on the grounds that: Plaintiff failed to properly serve Defendants under 10 Del. C. § 3103; Plaintiff fails to state a plausible claim that his revocation was unconstitutionally denied based on his mental disability in violation of the ADA; the lawsuit is barred for Plaintiff's failure to challenge his continued detainer in State Court or by federal habeas; and, the claims are barred by the Eleventh Amendment because Defendants did not violate any constitutional right in the decision to revoke Plaintiff's parole.

**1.  Service**

Defendants seek dismissal on the grounds that Plaintiff failed to properly effect service. They argue that the Court docket does not reflect Defendants were properly served and, further, that the Attorney General, State Solicitor, or the Chief Deputy Attorney General of the State were not served as statutorily required. For proper service of State Defendants, a plaintiff must comply with 10 Del. C. §3103, as follows:

> (c) No service of summons upon the State, or upon any administrative office, **agency, department, board or commission of the state government, or upon any officer of the state government concerning any matter arising in connection with the exercise of his or her official powers or duties, shall be complete until such service is made upon the person of the Attorney General or upon the person of the** State Solicitor or upon the person of the Chief Deputy Attorney General.

10 Del. C. §3103(c).

The docket reflects that after Defendants filed their motion to dismiss, summonses were executed for Defendants and filed on April 25, 2022 that showed personal service on February 22, 2022. (D.I. 14, 15, 16). The docket does not reflect that any designated state officer was served with process and, therefore, service is not legally sufficient. *See Drake v. State Dept. Highways and Transportation*, 1979 WL 195352 (Del. Super. Ct. Nov. 5, 1979) (Both the chief executive and one of the designated state officers must receive service of process for such service to be legally sufficient.).

Therefore, the Court will grant that portion of the motion to dismiss that seeks dismissal for failure to properly serve defendants. The Court exercises its discretion and will give Plaintiff additional time to serve a designated state officer as required by 10 Del. C. §3103(c).

### 2. Parole

Plaintiff alleges he was denied his right to due process during the parole revocation hearing. He also alleges that his mental health was not considered, and

7

discrimination occurred during the parole hearing due to his disability in violation of the ADA. Defendants argue that Plaintiff has no constitutional right to parole, he received proper notice of the revocation hearing by reason of the Notice of Probable Cause Hearing for an Interstate Violation of Probation Parole, and Plaintiff provides no proof that his parole was revoked solely because of his mental illness.

An inmate has no constitutional right to parole. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) ("A state may . . . establish a parole system, but it has no duty to do so."); *see also Eskridge v. Casson*, 471 F. Supp. 98, 101 (D. Del. 1979) ("[N]o prisoner can legitimately claim that the Delaware Parole Statute confers . . . a legally enforceable right to be paroled."). As a matter of substantive due process, "once a state institutes a parole system, all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." *See Taylor v. Henderson*, 632 F. App'x 70, 75 n.4 (3d Cir. 2015) (quoting *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980)).

When the State convenes a parole hearing, an inmate has a procedural due process right to be provided with meaningful or adequate notice of the hearing. *Cf. Greenholtz*, 442 U.S. at 14 (holding that a system which informs inmates of the month of their parole hearing provides them with "constitutionally adequate"

notice); *Patten v. North Dakota Parole Bd.*, 783 F.2d 140, 143 (8th Cir. 1986) (concluding that even though "no process was due" because the state "ha[d] not created a protected liberty interest in parole," inmates received "ample opportunity" to present their cases to the parole board). Here, there are no allegations that Plaintiff was given notice of the revocation hearing date. Defendants contend that the Notice of Probable Cause Hearing for an Interstate Violation of Probation/Parole was sufficient notice of the parole revocation hearing. While Plaintff was given Notice of Probable Cause Hearing for an Interstate Violation of Probation/Parole in November 2020, as alleged he was not provided notice when the hearing would be held and only learned of it on the very day of the hearing when he was taken from his cell at HYRCI to attend the revocation hearing via video. The Court therefore finds that, as alleged, Plaintiff has stated a due process claim that he was not provided with adequate notice of the revocation hearing. Defendants' motion to dismiss on this ground will be denied.

Defendants allege that Plaintiff has not provided proof that his parole was revoked due solely to his mental illness. The Supreme Court has held that Title II of the ADA validly abrogates sovereign immunity as to state conduct that actually violates the Constitution. *See United States v. Georgia*, 546 U.S. 151, 159 (2006). To determine whether a plaintiff may sue a State for damages under Title II, a Court must: "(1) identify which aspects of the State's alleged conduct violated

9

Title II; (2) identify to what extent such conduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, determine whether Congress' purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid ." *Bowers v. National Collegiate Athletic Ass'n*, 475 F.3d 524, 553 (3d Cir. 2007).

As to the first prong, Plaintiff alleges that Defendants violated the ADA when they did not consider his mental illness disability and revoked his parole on the basis of his disability. As to the second prong, the Court determines whether the alleged misconduct also violates the Fourteenth Amendment. While there is no federal constitutional right to parole, *see Greenholtz*, 442 U.S. at 7, there is a due process right in being treated fairly during the parole process, *see Mickens-Thomas v. Vaughn*, 321 F.3d 374, 393 (3d Cir. 2003) (discussing Parole Board's duty to give inmate fair hearing in context of due process challenge). *See also Block v. Potter*, 631 F.2d at 240 (holding that denial of parole based on considerations of race may state claim for violation of substantive due process even though there is no liberty interest in parole); *accord Newman v. Beard*, 617 F.3d 775, 784 (3d Cir. 2010) (observing this is not a case "in which the Parole Board arbitrarily denied parole based on race, religion, political beliefs, or another impermissible factor"). Plaintiff alleges that he was denied parole based upon an impermissible discriminatory factor and, therefore, alleges a Fourteenth Amendment violation.

10

*See Taylor v. Henderson*, 662 F. App'x at 75 n.4 (inmate properly asserted his claims under 42 U.S.C. § 1983 and the ADA because success on his claims that the Board relied in part on impermissible factors were result in a new parole determination).

As to the third prong, this District has previously determined that the Delaware Board of Parole is not entitled to sovereign immunity from a lawsuit implicating the rights of a disabled inmate. ).[4] *See White v. Delaware Bd. of Parole*, 2012 WL 2126920, at *4 (D. Del. June 8, 2012). To the extent Plaintiff raises ADA claims against Defendants in their individual capacities seeking monetary damages, the claims will be dismissed. Title II of the ADA does not provide for suits against state officers in their individual capacities but individuals may be sued in their official capacities. *See Kokinda v. Pennsylvania. Dep't of Corr.*, 779 F. App'x 938, 942 (3d Cir. 2019); *see also Thompson v. Davis*, 295 F.3d 890, 897-98 (9th Cir. 2002) (stating parole may not be denied on basis of disability protected by ADA); *see also White v. Bond*, 720 F.2d 1002, 1003 (8th Cir. 1983) ("[A]llegation of racial discrimination in the parole process appears to state a cognizable section 1983 claim."); *Bentley v. Tennis*, Civ.A. No. 3:CV-06-

---

[4]  Section V of Defendants' motion to dismiss seeks dismissal of the ADA claims by reason of the Eleventh Amendment. As just discussed, this District has decided the issue to the contrary. Defendants' motion to dismiss on this ground will be denied.

11

2073, 2007 WL 4248258, at *3 (M.D. Pa. Nov. 30, 2007) ("Under substantive due process, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights [or because of] factors bearing no rational relationship to the interests of the [state].").

Title II as applied to cases implicating the rights of a disabled inmate (*i.e.*, one with a history of mental illness abuse) to a fair parole process is a valid exercise of Congress' authority to enforce the guarantees of the Fourteenth Amendment. Accordingly, the Court will deny Defendants' motion to dismiss Plaintiff's claim that he was not given the benefit of full and fair consideration for parole by reason of his disability under the ADA.

### 3. Habeas Corpus

Defendants move for dismissal on the grounds that Plaintiff's damages claim is *Heck*-barred because he did not successfully challenge his continued detainer in State Court or by federal habeas. Plaintiff argues that his constitutional rights were violated before and during his revocation hearing because he was denied his right to due process.

Applying the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Third Circuit has held that § 1983 actions that, if successful, would necessarily demonstrate the invalidity of a parole board's decision (regarding the length or revocation of parole) are not cognizable unless and until the board's decision has

12

been invalidated. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006). To the extent Plaintiff claims that Defendants made erroneous findings during the revocation hearing, the claim is barred under *Heck*. Had Defendants made erroneous findings, success on this claim would necessarily invalidate the parole board's decision.

### 4. Eleventh Amendment

Plaintiff names the Delaware Parole Board as a defendant and also raises claims against the individual defendants in their official capacities. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Jones v. Sussex Corr. Inst.* 725 F. App'x 157, 159-160 (3d Cir. 2017); *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007).

The Parole Board, an agency of the State of Delaware, is entitled to sovereign immunity under the Eleventh Amendment. *See Harper v. Jeffries*, 808 F.2d 281, 284 n.4 (3d Cir. 1986) (any action by appellant against Parole Board is

13

barred by Eleventh Amendment); *see also State v. Jackson,* 2013 WL 1561511, at *1 (Del. Super. Ct. Feb. 28, 2013) (referring to Delaware Board of Parole as State agency). In addition, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard,* 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, § 1983 claims for monetary damages against a state, state agency, or a state official in his official capacity are barred by the Eleventh Amendment. *See id.*

Finally, the 42 U.S.C. § 1983 claims against the Board of Parole, fail as it is not a person within the meaning of 42 U.S.C. § 1983. *See Madden v. New Jersey State Parole Bd.,* 438 F.2d 1189, 1190 (3d Cir. 1971) (New Jersey State Parole Board is not person under § 1983); *see also White v. Delaware Board of Parole,* 2013 WL 3991963, at *4 (D. Del. July 31, 2013) (Delaware Board of Parole is not person under § 1983); *Davis v. Pennsylvania Bd. of Prob. and Parole,* 2006 WL 3308440, at *4 (W.D. Pa. Oct. 13, 2006) (discussing issue that Parole Board is not "person" within meaning of § 1983).

Therefore, this Court will dismiss the § 1983 claims against the Board of Parole and the individual defendants in their official capacities based their immunity from suit pursuant to 28 U.S.C. § 1915A(b)(2).

## IV. **CONCLUSION**

For the above reasons, the Court will: (1) deny Plaintiff's motion for default judgment (D.I. 5); (2) grant in part and deny in part Defendants' motion to dismiss (D.I. 10); (3) deny as moot Defendants' motion to stay (D.I. 12); and (4) give Plaintiff additional time to effect service as required by 10 Del. C. § 3103(c).

An appropriate Order will be entered.