IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALAN T. BROOKS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) C.A. No. 22-147-GBW<br>) |
| DAVID HENDERSON, et al., | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 17th day of January, 2023;

IT IS HEREBY ORDERED that Plaintiff's request for counsel (D.I. 29) is **DENIED** without prejudice to renew, Plaintiff's motion to compel (D.I. 34) is **DENIED** as moot, and **Plaintiff is directed to file a proposed amended complaint within 21 days of the date of this Order or his motion for leave to amend his complaint (D.I. 36) will be denied.** *See* D. Del. LR 15.1(a). Defendants shall file a response to Plaintiff's motion for leave to amend his complaint within 14 days of Plaintiff's filing of a proposed amended complaint.

**Request for Counsel.** Plaintiff requests counsel on the grounds that he is incapable of obtaining the names of four parole board members whom he wishes to add as defendants, his claim under the Americans with Disabilities Act is complex,

he suffers from bipolar and adjustment disorder with anxiety, and he has limited time and capabilities to do work in the law library and to investigate his case generally.

A *pro se* litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, courts should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel at this time. Based on my review of the complaint and Plaintiff's motion for leave to amend his complaint, the case is not complex, and Plaintiff appears to have the ability to present his claims. Indeed, the primary reason he seeks leave to amend his complaint is to add as defendants the four parole board members, whose identities he has not obtained. In addition, this case is still in its early stages.

**Motion to Compel.** Plaintiff's motion to compel is moot now that Defendants have responded to the discovery responses to which he sought to compel responses.

_____
United States District Judge