IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALAN T. BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-147-GBW |
| | ) |
| DAVID HENDERSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 18th day of August 2025, having reviewed and considered Plaintiff's *pro se* motion for compliance (D.I. 118), Defendants' motion for summary judgment (D.I. 121), Plaintiff's *pro se* motion for collateral estoppel and summary judgment (D.I. 123), and Plaintiff's *pro se* motion for extension of time to file reply (D.I. 128);

WHEREAS, in moving for summary judgment on Plaintiff's procedural due process claims, Defendants concede that there is no evidence suggesting that Plaintiff was sent notice of Plaintiff's May 18, 2021 revocation hearing (D.I. 122 at 18), which resulted in Plaintiff's parole revocation and reincarceration until Plaintiff was re-paroled, following a second parole hearing on February 6, 2024 (*id.* at 10);

Case 1:22-cv-00147-GBW   Document 130   Filed 08/18/25   Page 2 of 3 PageID #: 952

WHEREAS Defendants also concede that absolute immunity does not extend to a probation and parole officer, or a parole board member, when acting in an executive, administrative, or ministerial capacity, such as sending notice of hearing (*id.* at 20);

WHEREAS Defendants' sole contention when it comes to Plaintiff's procedural due process claims, arising from the lack of notice of the May 18, 2021 revocation hearing, is that the incorrect individuals within the parole office have been identified as defendants (*see id.* 21); and

WHEREAS, generally, when a *pro se* prisoner plaintiff asserts a civil rights claim, pursuant to 42 U.S.C. § 1983, and attempts to identify a State defendant without knowing the individual's name, this Court orders the Delaware Department of Justice or the Delaware Department of Correction to identify the individual;

THEREFORE, on this 18th day of August 2025, IT IS HEREBY ORDERED:

1.  **On or before September 19, 2025**, each party shall respond to this Order, stating the party's position on referring this action to a magistrate judge for mediation to resolve this matter, or alternatively, granting Plaintiff leave to file a second amended complaint for the sole purpose of adding other individuals within the parole office as defendants to this case;

2. Defendants' motion for summary judgment (D.I. 121) and Plaintiff's motion for collateral estoppel and summary judgment (D.I. 123) are **STAYED** in the interim;

3. Plaintiff's motion for compliance (D.I. 118) is **DENIED** because the record reflects Defendants' compliance with service requirements;

4. In light of Plaintiff's *pro se* status and recent change of address, the Clerk of Court is directed to mail Plaintiff courtesy copies of filings docketed at D.I. 110, 111, 112, 114, 115, and 117;

5. Plaintiff's motion for extension of time to file reply (D.I. 128) is **GRANTED**; and

6. **On or before September 19, 2025,** Plaintiff shall reply to Defendants' response (D.I. 126) to Plaintiff's motion for collateral estoppel and summary judgment (D.I. 123).

_____
The Honorable Gregory B. Williams
United States District Judge